09-2206-ag
*Maniowska v. Holder*

BIA
Straus, IJ
A098 534 349

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:

JOSEPH M. McLAUGHLIN,
GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
        *Circuit Judges*.
_____

ANNA MARIA MANIOWSKA,

                        *Petitioner*,

        v.                                        09-2206-ag

ERIC H. HOLDER, JR., ATTORNEY GENERAL
OF THE UNITED STATES,

                        *Respondent*.
_____

FOR PETITIONER:            Glenn L. Formica, Formica, P.C., New Haven, Connecticut.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Christopher C. Fuller, Senior Litigation Counsel; Ann Carroll Varnon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review be DENIED.

Petitioner Anna Maria Maniowska, a native and citizen of Poland, seeks review of a May 14, 2009 order of the BIA dismissing her appeal from the October 2, 2007 decision of Immigration Judge ("IJ") Michael W. Straus, which denied her motion for a continuance of her removal proceedings and ordered Petitioner removed to Poland. *In re Anna Maria Maniowska*, No. A098 534 349 (B.I.A. May 14, 2009), *aff'g* No. A098 534 349 (Immig. Ct. Hartford Oct. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case and with the issues presented for review.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

We have jurisdiction to consider an appeal of the decision of an IJ or the BIA to grant or to deny a continuance in an immigration proceeding, and our review of such a decision is for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 198-99 (2d Cir. 2006) (per curiam). An IJ "may grant a motion for a continuance for good cause shown." 8 C.F.R. § 1003.29. It is not an abuse of discretion for an IJ to deny a motion for a continuance based on a pending I-130 application when the petitioner is ineligible for adjustment of status at the time of the continuance request and his ultimate eligibility is "speculative at best." *Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (per curiam); *see also Morgan v. Gonzales*, 445 F.3d 549, 552 (2d Cir. 2006). In this case, petitioner's husband was a lawful permanent resident of the United States, and the availability of a visa to

2

petitioner was therefore subject to numerical limitations. *See* 8 U.S.C. § 1153(a)(2). Because no visa was "immediately available" to petitioner, she was ineligible for adjustment of status at the time of the continuance request, *see id.* § 1255(a), and the IJ was justified in concluding that petitioner was at "the first step in a long and discretionary process" in which the possibility that petitioner would ultimately be eligible for adjustment was speculative. *Elbahja*, 505 F.3d at 129 (internal quotation marks and alteration omitted). There was therefore no abuse of discretion in his denial of the continuance request.

It is true that a successful naturalization application on the part of her husband would have meant that petitioner would no longer be subject to numerical limitations on the availability of a visa, *see* 8 U.S.C. § 1151(b)(2)(A)(i), but, apparently unbeknownst to the IJ, at the time of the IJ's October 2007 decision petitioner's husband's naturalization application had already been denied — in April of 2006. A second application was subsequently denied in November 2008. While petitioner invites us to remand this case to the BIA for it to reconsider its decision in light of *Matter of Hashmi*, 24 I. & N. Dec. 785 (B.I.A. 2009), remand would be futile because we are "confident that the [IJ]," now in possession of this information, "would reach the same result." *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117 (2d Cir. 2007) (quoting *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir. 2006)). Moreover, the denial of the first naturalization application means that, contrary to petitioner's contention, "bureaucratic delay" was not responsible for petitioner being ineligible for adjustment of status at the time she made her motion for a continuance, Petitioner's Br. at 12, and petitioner therefore cannot make out a due process claim. Nothing else in the record suggests that petitioner "was denied a full and fair opportunity to present [her] claims" or that "the IJ or BIA otherwise deprived [her] of fundamental fairness." *Morgan*, 445 F.3d at 552 (internal quotation marks omitted).

3

We have considered petitioner's remaining arguments and we conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED AS MOOT. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk