10-4673-ag
Rojas v. Holder

BIA
Straus, IJ
A079 129 849

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand twelve.

PRESENT:
> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> *Circuit Judges.*

---

KLEBER POMPILIO PACHECO ROJAS,
> *Petitioner,*

v.             10-4673-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

---

| FOR PETITIONER: | Glenn L. Formica, New Haven, CT. |
|---|---|
| FOR RESPONDENT: | Tony West, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Manuel A. Palau, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration

Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the

petition for review is DENIED in part and DISMISSED in part.

Kleber Pompilio Pacheco Rojas, a native and citizen of Ecuador, seeks review of an October 20, 2010, order of the BIA affirming the June 12, 2009, decision of Immigration Judge ("IJ") Michael W. Straus, denying his motion for a continuance and his application for cancellation of removal. *In re Kleber Pompilio Pacheco Rojas*, No. A079 129 849 (B.I.A. Oct. 20, 2010), *aff'g* No. A079 129 849 (Immig. Ct. Hartford, CT, June 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

## I. Motion for a Continuance

We review the BIA's affirmance of an IJ's decision to deny a motion for a continuance for an abuse of discretion. *See Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir. 2006). An IJ abuses his discretion only "if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision . . . cannot be located within the range of permissible decisions." *Morgan v. Gonzales*, 445 F.3d 549, 551-52 (2d Cir. 2006) (internal quotation marks and brackets omitted). As we have held previously, the IJs denial of a continuance, while an I-130 visa petition is pending on appeal to the BIA, is not an abuse of discretion where the petition was not "*prima facie* approvable." *See Pedreros v. Keisler*, 503 F.3d 162, 166 (2d Cir. 2007) (finding no abuse of discretion due to the lack of "*some* evidence or argument" that the visa petition denial was incorrect).

Although Rojas argues that the IJ abused his discretion because he failed to consider all of the factors mentioned in *Matter of Hashmi*, 24 I. & N. Dec. 785 (B.I.A. 2009), including whether his adjustment application would warrant a favorable exercise of discretion, in *Hashmi,* the BIA merely permitted the agency to consider other factors in addition to the central inquiry as to the likelihood of success on the adjustment application. *Id.* at 790. Here, the United States Citizenship and

Immigration Services ("USCIS") had already denied Rojas's visa petition, making it no longer *prima facie* approvable. *See Pedreros*, 503 F.3d at 166. Furthermore, Rojas failed to provide persuasive explanations as to why the USCIS's decision was erroneous, and the government had objected to a continuance. *See id.*; *Hashmi*, 24 I. & N. Dec. at 790. Therefore, the BIA did not abuse its broad discretion in affirming the IJ's denial of Rojas's motion for a continuance. *See Morgan*, 445 F.3d at 551; *Sanusi*, 445 F.3d at 199.

## II. Cancellation of Removal Application

Generally we do not have jurisdiction to review the agency's denial of an application for cancellation of removal under 8 U.S.C. § 1229b(b) based on an alien's failure to establish "exceptional and extremely unusual hardship." *See* 8 U.S.C. § 1252(a)(2)(B); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008). However, pursuant to the REAL ID Act, we retain jurisdiction to review non-frivolous constitutional claims and questions of law, and we review such questions *de novo*. *See* 8 U.S.C. § 1252(a)(2)(D); *Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164-65 (2d Cir. 2006). We dismiss the petition as to cancellation because although the application of an improper standard when exercising discretion constitutes a question of law, *Wallace v. Gonzales*, 463 F.3d 135, 138 (2d Cir. 2006), Rojas's argument does not present a non-frivolous question of law, *see Barco-Sandoval*, 516 F.3d at 40.

Rojas argues that the IJ applied a hardship standard inconsistent with BIA precedent. This argument is unavailing. Although the BIA has noted that an alien need not demonstrate hardship that rises to an "unconscionable" level, the IJ properly required Rojas to establish hardship that is "substantially beyond" that which ordinarily would be expected when a close family member leaves this country. *See Matter of Monreal*, 23 I. & N. Dec. 56, 60, 62 (B.I.A. 2001); *see also Matter of Recinas*, 23 I. & N. Dec. 467, 468 (B.I.A. 2002). In contrast to the petitioner in *Recinas*, where the BIA found the hardship standard met, Rojas's wife testified that Rojas's U.S.-citizen children would remain in the

3

United States. Although Rojas testified that his removal would cause his family members great emotional distress and deprive them of his income, economic detriment to qualifying relatives alone does not meet the hardship standard, and emotional strain is not an unusual consequence of deportation. *See Matter of Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002). Because Rojas has not raised a question of law substantial enough to invoke our jurisdiction, *see Barco-Sandoval*, 516 F.3d at 40, the petition is dismissed to the extent it challenges the agency's denial of cancellation of removal.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk