Terrones Garcia v. Holder

BIA
Straus, IJ
A096 552 080

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand thirteen.

PRESENT:
        JON O. NEWMAN,
        GERARD E. LYNCH,
        SUSAN L. CARNEY,
              *Circuit Judges*.
_____

PEDRO SANTIAGO TERRONES GARCIA,
        *Petitioner*,

        v.                                          12-2738
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Pedro Santiago Terrones Garcia, *pro se*, Glastonbury, Connecticut.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Pedro Santiago Terrones Garcia, a native and citizen of Peru, seeks review of a June 7, 2012 decision of the BIA affirming the September 15, 2010 decision of an Immigration Judge ("IJ"), denying Terrones Garcia's motion for a continuance and ordering him removed. *In re Pedro Santiago Terrones Garcia,* No. A096 552 080 (B.I.A. June 7, 2012), *aff'g* No. A096 552 080 (Immig. Ct. Hartford Sept. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). Terrones Garcia challenges only the agency's denial of a continuance. We review that denial "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and only "abuse[s] his discretion in denying a continuance if (1) his decision rests on an error

2

of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551-52 (internal quotation marks, brackets, and citation omitted).  The agency did not abuse its discretion in denying Terrones Garcia's motion for a continuance.

In denying Terrones Garcia's motion, the agency reasonably considered the factors set forth in *Matter of Hashmi*, including, among others: (1) the Department of Homeland Security's ("DHS") opposition to the motion; (2) that the underlying visa petition was not *prima facie* approvable since it was no longer pending; and (3) the speculative nature of the basis for the requested continuance.  *See* 24 I. & N. Dec. 785, 790 (BIA 2009). Moreover, the agency reasonably concluded that the visa petition filed by Terrones Garcia's wife was not *prima facie* approvable based solely on the fact that it had been denied, because Terrones Garcia proffered no factual basis for concluding otherwise.  Because Terrones Garcia moved for a continuance to seek purely speculative relief and has not

3

demonstrated any error in the agency's consideration and denial of that motion, we conclude that the agency did not abuse its discretion in denying his motion. *See Morgan*, 445 F.3d at 551-52; *see also Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (determining that an IJ does not abuse his or her discretion by denying a continuance sought to pursue speculative relief).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4