Tairi v. Holder

BIA
Vomacka, IJ
A028 756 213

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT:
    JOSÉ A. CABRANES,
    GERARD E. LYNCH,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

REMZI TAIRI,
        *Petitioner,*

    v.                                    12-1946
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Elyssa Williams, D. Wade Luckett,
                       Formica Williams, P.C., New Haven,
                       CT.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Francis W. Fraser, Senior
                       Litigation Counsel; Gary J. Newkirk,
                       Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Remzi Tairi, a native and citizen of Macedonia, seeks review of an April 25, 2012, order of the BIA, which affirmed the January 12, 2010, decision of an Immigration Judge ("IJ"), denying his motion for a continuance. *In re Remzi Tairi*, No. A028 756 213 (B.I.A. Apr. 25, 2012), *aff'g* No. A028 756 213 (Immig. Ct. New York City Jan. 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because the agency acted reasonably in denying Tairi's motion for a further continuance, Tairi's petition for

review must be denied.  Under the applicable immigration regulations, an IJ may grant a motion for a continuance "for good cause shown."  8 C.F.R. § 1003.29 (2014).  Given the IJ's wide latitude in managing the immigration court's busy docket, we review a denial of a continuance motion under a "highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006) (citing *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006)).  An IJ abuses his discretion only where: "(1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [his] decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions."  *Id*. at 551-52 (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)) (alterations in original).

The BIA has outlined a number of factors to guide an IJ's consideration of a continuance motion.  In particular, where a petitioner seeks a continuance to await the adjudication of an adjustment application by U.S. Citizenship and Immigration Services ("USCIS"), an IJ may consider: "(1) the [Department of Homeland Security's]

3

response to the motion; (2) whether the underlying visa petition is *prima facie* approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors." *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009). These factors are "illustrative, not exclusive," with "the focus of the inquiry [on] the apparent ultimate likelihood of success on the adjustment application." *Id*.

Tairi argues that the agency erred in denying his request for a continuance without allowing him to present evidence regarding his pending adjustment application. The USCIS rejected Tairi's initial adjustment application in May 2009. Thereafter, Tairi filed a second application that remained pending upon the IJ's consideration of Tairi's final continuance motion in January 2010. Because he was unable to present evidence to the IJ regarding this latter application, Tairi suggests that the IJ failed to consider material differences between the applications before denying Tairi's request for a further continuance.

Contrary to Tairi's contentions, however, he had a sufficient opportunity to present evidence to support his final continuance motion. Most notably, upon learning of Tairi's second application, the IJ repeatedly inquired as to the likelihood that this application would succeed where Tairi's first application failed.

Presented with no evidence to suggest that the agency would grant Tairi's second application, the IJ did not abuse his discretion in denying Tairi's final continuance motion. *See Garcia v. Holder*, 536 F. App'x 147, 148 (2d Cir. 2013). Although Tairi contends that the IJ neglected to consider each *Hashmi* factor before denying his motion, this alone does not constitute an abuse of discretion. *Rojas v. Holder*, 458 F. App'x 46, 48 (2d Cir. 2012). Instead, *Hashmi* simply "permit[s] the agency to consider other factors in addition to the central inquiry as to the likelihood of success on the adjustment application." *Id*. Thus, having determined that the USCIS was unlikely to grant Tairi's second application, the IJ did not abuse his discretion in denying Tairi an additional continuance.

Nor does the record suggest that Tairi was denied a full and fair opportunity to present his claims or that the agency otherwise deprived him of fundamental fairness

5

sufficient to support a due process claim. *Maniowska v. Holder*, 381 F. App'x 109, 111 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6