11-4855-ag
Kedra v. Holder

BIA
Verrillo, IJ
A089 032 359

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of October, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

Artur Jan Kedra,
> *Petitioner*,

> v.                                                              11-4855-ag

Eric H. Holder, Jr., United States
Attorney General,
> *Respondent.*

_____

FOR PETITIONER:          Artur Jan Kedra, *pro se*, New
                         Britain, CT.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General, William C.
                         Peachey, Assistant Director, Andrew
                         B. Insenga, Trial Attorney, Office
                         of Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Artur Jan Kedra,[1] a native and citizen of Poland, seeks review of an October 25, 2011 decision of the BIA affirming the December 17, 2009 decision of Immigration Judge ("IJ") Philip Verrillo, which denied his request for a continuance and ordered him removed.  In re Artur Jan Kedra, No. A089 032 359 (B.I.A. Oct. 25, 2011), aff'g No. A089 032 359 (Immig. Ct. Hartford Dec. 17, 2009).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA affirms an IJ's decision without opinion,[2] we review only the IJ's decision as the

---

[1] Petitioner's surname is alternately spelled "Kedra" and "Kendra" throughout the administrative record.  We use "Kedra" in this Order, as this is the spelling Petitioner used when he filed the instant Petition.

[2] The BIA did not err or abuse its discretion by granting summary affirmance.  See Kambolli v. Gonzales, 449 F.3d 454, 463 (2d Cir. 2006) (providing that this Court lacks authority to review the BIA's decision to streamline a particular case); Xusheng Shi v. BIA, 374 F.3d 64, 66 (2d Cir. 2004) (holding that the BIA's use of summary affirmance does not constitute an abuse of discretion); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 160 (2d Cir. 2004) (holding that summary affirmance does not deprive an alien of due process).

2

final agency determination.  See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir. 2008).  This Court reviews the denial of a continuance for abuse of discretion.  See Sanusi v. Gonzales, 445 F.3d 193, 199 (2d Cir. 2006).  An IJ abuses his discretion in denying a continuance if: "(1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding[;] or (2) [his] decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions."  Morgan v. Gonzales, 445 F.3d 549, 551-52 (2d Cir. 2006) (first and third alterations in original) (internal quotation marks omitted).

An IJ may grant a motion for continuance "for good cause shown."  8 C.F.R. § 1003.29.  Continuances are not ordinarily granted based solely on a pending labor certification in the absence of additional persuasive factors.  See Matter of Rajah, 25 I. & N. Dec. 127, 136-37 (B.I.A. 2009) (collecting cases); see also Elbahja v. Keisler, 505 F.3d 125, 129 (2d Cir. 2007) (holding that, where petitioner's eligibility for adjustment of status was "speculative," it was not an abuse of discretion for IJ to

deny petitioner's request for a continuance "in order to permit adjudication of [petitioner's] pending labor certification").

Here, the IJ did not abuse his discretion by denying a continuance, as Kedra was not eligible for adjustment of status.  See 8 U.S.C. § 1255(c)(8) (stating that "any alien [present in the United States] . . . who has otherwise violated the terms of a nonimmigrant visa" is ineligible for adjustment of status); Elbahja, 505 F.3d at 129.[3]

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Kedra's reliance on Thapa v. Gonzales, 460 F.3d 323 (2d Cir. 2006), is unavailing.  In Thapa, the petitioner would have been eligible to remain in the United States if his request for labor certification had been granted, id. at 335, whereas Kedra conceded that he would be ineligible for adjustment of status whether or not his pending employment-based petition was granted.

4