13-691-ag
Agyekum-Boateng v. Holder

BIA
Straus, IJ
A096 657 041

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.

PRESENT:   REENA RAGGI,
                      DENNY CHIN,
                      SUSAN L. CARNEY,
                                *Circuit Judges*.

------------------------------------------------------------
EBENEZER YAW AGYEKUM-BOATENG,
                                *Petitioner*,

v.                                                                    No. 13-691-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                                *Respondent*.
------------------------------------------------------------

FOR PETITIONER:          Gregory C. Osakwe, Hartford, Connecticut.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Gary J. Newkirk, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ebenezer Yaw Agyekum-Boateng, a native and citizen of Ghana, seeks review of a February 8, 2013 decision of the BIA affirming the September 6, 2011 decision of Immigration Judge ("IJ") Michael W. Straus, denying a continuance and ordering removal.  See In re Ebenezer Yaw Agyekum-Boateng, No. A096 657 041 (B.I.A. Feb. 8, 2013), aff'g No. A096 657 041 (Immig. Ct. Hartford., Conn. Sept. 6, 2011).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness."  Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008) (quoting Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir. 2006)).  The IJ's denial of a request for a continuance is reviewed "under a highly deferential standard of abuse of discretion."  Morgan v. Gonzales, 445 F.3d 549, 551 (2d Cir. 2006) ("IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions any more than when we review such decisions by district judges.").

The agency did not abuse its discretion in denying Agyekum-Boateng a continuance as it considered the factors set forth in Matter of Hashmi, 24 I. & N. Dec. 785, 790 (BIA 2009).  It correctly concluded that: (1) the government opposed the request for a continuance, (2) the underlying visa petition was not prima facie approvable because the U.S. Citizenship and Immigration Services ("USCIS") had denied the visa

2

petition, and that denial was upheld on appeal, (3) Agyekum-Boateng would only be statutorily eligible to adjust status if the visa petition had been approved, and (4) Agyekum-Boateng's proceedings had been continued for almost two years while the visa petition was pending. See Morgan v. Gonzales, 445 F.3d at 552 (holding that because petitioner was ineligible for adjustment of status at time of hearing, IJ did not abuse discretion by denying continuance while petitioner attempted to become eligible via second I-130 petition stemming from marriage that had been determined to lack bona fides); see also Elbahja v. Keisler, 505 F.3d 125, 129 (2d Cir. 2007) (holding that IJ did not abuse discretion in denying continuance where petitioner's eligibility for adjustment of status based on pending labor certification was "speculative at best").

The issue of whether a continuance is warranted pending Agyekum-Boateng's appeal in the district court is not properly before us. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119–20 (2d Cir. 2007). Regardless, the district court's consideration of the denial of his wife's visa petition would not alter the decision below because it remains that both the USCIS and the BIA have denied that petition, indicating that it is not prima facie approvable. We note that Agyekum-Boateng may nevertheless request from the USCIS a stay of removal pending the district court's decision. See 8 C.F.R. § 1241.6; cf. Felzcerek v. INS, 75 F.3d 112, 118 (2d Cir. 1996) (denying petitioner's request to stay proceedings for BIA to review his pending motion to reopen where he could have sought stay from agency).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court