06-2671-ag
Elbahja v. Keisler

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2006

(Argued: June 28, 2007                    Decided: October 10, 2007)

Docket No. 06-2671-ag

SAMIR ELBAHJA,

       *Petitioner*,

    v.

PETER D. KEISLER, ACTING ATTORNEY GENERAL
OF THE UNITED STATES,[1]

       *Respondent.*

Before: CABRANES AND RAGGI, *Circuit Judges,* and BERMAN, *District Judge.*[2]

Immigration Judge (" IJ") Paul A. Defonzo denied petitioner' s request to continue his removal proceedings in order to permit adjudication of his pending application for labor certification. The Board of Immigration Appeals affirmed without opinion. We conclude that it does not constitute an abuse of discretion for an IJ to decline to grant multiple continuances in order to permit adjudication of a removable alien' s pending labor certification.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

[2] The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

Petition for review is denied.

ALEXANDER J. SEGAL, Brooklyn, NY, *for Petitioner.*
BARRY J. PETTINATO, (David V. Bernal, Assistant Director, Russell J.E. Verby, Trial Attorney, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., *for Respondent.*

PER CURIAM.

Petitioner Samir Elbahja, a native and citizen of Morocco, seeks review of a March 4, 2005 decision of Immigration Judge (" IJ") Paul A. Defonzo denying his motion for further continuance of his removal proceedings and ordering him removed. The Board of Immigration Appeals (" BIA") affirmed the IJ's decision without opinion on May 10, 2006. *See In re Elbahja, Samir*, No. A 74-915-726 (B.I.A. May 10, 2006). On appeal, Elbahja contends that, in light of his pending application for labor certification, the IJ's decision to deny him a further continuance constituted an abuse of discretion. He also contends that he is eligible for relief by virtue of a previously filed application to adjust his status based on his marriage to a United States citizen. We find these arguments to be without merit but write to clarify that it is not an abuse of discretion for an IJ to decline to grant multiple continuances in order to permit processing of a removable alien's pending labor certificate application.

## BACKGROUND

Elbahja entered the United States on a student visa in October 1987 and remained after

his legal status expired in June 1988. In April 1997, he married Bernadette Morales, a United States citizen. Shortly thereafter, Elbahja attempted to adjust his status based on his marriage to Ms. Morales.[3] This petition was denied, first in November 2000 and again in August 2001, due to the failure of Elbahja and Morales to appear at scheduled interviews. In July 2002, the then-Immigration and Naturalization Service initiated removal proceedings against Elbahja pursuant to 8 U.S.C. § 1227(a)(1).[4]

On December 6, 2002, Elbahja appeared before the IJ for a calendar hearing. At the hearing, he informed the IJ that he wished to be represented by counsel but did not have a lawyer at that time. The IJ continued the proceedings until March 7, 2003 so that Elbahja could obtain a lawyer. At Elbahja's second hearing, Elbahja, still proceeding *pro se*, confirmed his removability but contended that he was eligible for relief on the basis of his 1997 marriage, although he and his wife were not living together at that time. The IJ, agreeing that Elbahja's marriage made him potentially eligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1),[5] granted Elbahja a continuance so that Elbahja could file the proper

---

[3] An alien who is "physically present in United States . . . may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence," 8 U.S.C. § 1255(i), based on a "petition for classification" filed by a United States citizen spouse "on or before April 30, 2001," *id.* § 1255(i)(1)(B)(i). *See also id.* § 1154(a)(1)(A)(i) (stating that "any citizen of the United States claiming that an alien is entitled to [adjustment to immigrant status] by reason of . . . immediate relative status . . . may file a petition with the Attorney General for such classification"); *id.* § 1151(b)(2)(A)(i) (defining "the term 'immediate relatives'" to include "spouses . . . of a citizen of the United States").

[4] 8 U.S.C. § 1227(a)(1)(C)(i) authorizes removal of an alien "who was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted."

[5] This provision states, in relevant part, that::

The Attorney General may cancel removal of . . . an alien who is inadmissible or deportable from the United States if the alien--

    (A)    has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

paperwork.

On June 13, 2003, Elbahja, now represented by counsel, presented the IJ with an application for cancellation of removal. The IJ, observing that the application did not contain proof of Elbahja's continuous presence in the United States, continued the proceedings until September 19, 2003 so that Elbahja's counsel could gather suitable evidence. At Elbahja's fourth hearing, Elbahja's counsel informed the IJ that Elbahja had previously filed a petition for adjustment of status and asked for additional time to determine whether it would be best to (1) file a new petition for adjustment of status or (2) pursue an application for cancellation of removal. The IJ granted this request.

At the next hearing before the IJ, held on December 19, 2003, Elbahja's counsel notified the IJ that Elbahja would not be applying for adjustment of status but, rather, would be proceeding on the basis of his earlier-submitted application for cancellation of removal. The IJ, in response, scheduled a merits hearing on Elbahja's application for cancellation of removal.

Elbahja appeared before the IJ for a sixth time on January 3, 2005. At that hearing, his counsel informed the IJ that Elbahja had divorced his wife and so would no longer be seeking cancellation of removal in connection with that relationship. Counsel also informed the IJ that Elbahja appeared to have obtained an "approved labor certification . . . and an approved

---

(B)    has been a person of good moral character during such period;

(C)    has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and

(D)    establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

4

I-140" employment-based visa,[6] rendering him eligible to adjust his status pursuant to 8 U.S.C. § 1255(i).[7] Counsel then requested a continuance so that copies of these documents could be obtained and presented to the Immigration Court. The Government, while not opposing this request, did state its view that " if there is no approved I-140" by the time of the next hearing, the IJ should " proceed with the other relief [Elbahja] has available, which is voluntary departure." J.A. 72. Elbajha' s counsel did not object to this proposal.

At the next hearing before the IJ, held on March 4, 2005, Elbahja' s counsel clarified that the Department of Labor had not yet approved either the application for labor certification associated with Elbahja' s case or Elbahja' s request to be substituted into that application. Counsel then asked for " a continuance to allow for further proceedings on the labor certification." *Id.* at 82. The IJ explained that, having previously been " led to believe that not only the labor certification, but an I-140 petition had [already] been approved," he was now of the view that the labor certification application was " very much speculative at this point . . . [b]oth with regard to the original applicant, and to the substitution of [Elbahja]." *Id.* After stating that he was " not inclined to grant the adjournment request," he asked whether Elbahja was " still seeking voluntary departure." *Id.* Elbahja' s counsel answered that Elbahja was not. Having clarified that the only relief Elbahja was seeking was

---

[6] Specifically, counsel stated that Elbahja was " being substituted into a[n] existing [labor certification] case" associated with " an approved I-140." J.A. 71.

[7] Section 1255(i) states that a non-immigrant alien may apply for an adjustment to permanent resident status if he or she meets three requirements. First, he or she must be the beneficiary of an application for labor certification filed " on or before April 30, 2001." *Id.* § 1255(i)(1)(B)(i). Second, he or she must be " eligible to receive an immigrant visa and . . . admissible to the United States for permanent residence." *Id.* § 1255(i)(2)(A). Third, " an immigrant visa [must be] immediately available to the alien at the time the application is filed." *Id.* § 1255(i)(2)(B).

5

" a continuance to allow for the processing" of the labor certification, the IJ issued an oral decision denying the continuance and ordering Elbahja removed. The oral decision contained the following statement of reasons:

> Although the respondent now seeks a continuance for the purpose of allowing his application for substitution into the labor certification application to occur, there is no indication how long it will take to accomplish this, or, in fact, if it will ever be accomplished. In coming to the decision not to grant the respondent a continuance, the Court has considered the opposition of the Service to the continuance request, as well as the fact that the underlying labor certification in which the respondent is seeking to be substituted has not been approved. . . .

> Consequently, it would appear that no purpose other than an unnecessary delay of the proceedings would be served by granting a continuance . . . in view of the speculative nature of the relief being sought by the respondent at this time.

*Id.* at 26-27.

On March 31, 2005, Elbahja filed a notice of appeal with the BIA. On May 10, 2006, the BIA affirmed the decision of the IJ without an opinion. *In re Elbahja, Samir*, No. A 74-915-726 (B.I.A. May 10, 2006).

### DISCUSSION

" Where . . . the BIA affirms the result below without opinion, we review the IJ' s decision directly." *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). As we have previously noted, " we have jurisdiction to review an IJ' s denial of a continuance, and . . . we conduct that review under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales,* 445 F.3d 549, 551 (2d Cir. 2006). Under this standard, we will uphold an IJ' s denial of a

6

continuance unless " '(1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [his] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.' " *Id.* at 551 –52 (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

In *Morgan*, we rejected the claim that an IJ had abused his discretion in denying the petitioner' s request for " an indefinite continuance pending the outcome of [an] I-130 visa application." 445 F.3d at 551. As we explained, the petitioner was not, at the time of the hearing, " eligible for adjustment of status, and he had no right to yet another delay in the proceedings so that he could attempt to become eligible for such relief." *Id.* at 552. The same can be said of Elbahja.

At the time of Elbahja' s March 4, 2005 hearing before the IJ, Elbahja was only at " the first step in [a] long and discretionary process." *Ahmed v. Gonzales*, 447 F.3d 433, 439 (5th Cir. 2006). He had not yet obtained either an approved labor certification or approval of his application to be substituted into the pending labor certification associated with his case. Nor was he the beneficiary of an approved family-based immigrant visa petition. His eligibility for adjustment of status was, therefore, speculative at best.[8] Under these circumstances, we cannot say that the IJ was incorrect to deny Elbahja' s request for a continuance. In coming to this conclusion, we join the Third, Fifth, and Eleventh Circuits, all of which have determined, for substantially the same reasons given here, that it does not

---

[8] *See supra* notes 3 and 7 (describing the procedures that 8 U.S.C. § 1255(i) sets forth for adjustment of status based on (1) marriage to a United States citizen and (2) receipt of an employment-based immigrant visa).

constitute an abuse of discretion for an IJ to decline to continue a removal proceeding in order to permit adjudication of a removable alien's pending labor certification. *See Khan v. Att'y Gen.*, 448 F.3d 226, 235 (3d Cir. 2006) (upholding an IJ's denial of a continuance where the petitioner, who had requested the continuance on the basis of a pending application for labor certification, was "presently ineligible for an immigrant visa, . . . [and] [could not] show that a visa [wa]s 'immediately available' to him or even that one will be available to him at some estimable time in the future"); *Ahmed*, 447 F.3d at 438–39 (same); *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1366–67 (11th Cir. 2006) (same).

## CONCLUSION

For the reasons given above, Elbahja's petition for review is denied.