**Muhammad Hanif MIRZA, Petitioner,**

v.

**SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, Director of U.S. Immigration Customs Enforcement, Hon. Michael B. Mukasey, Attorney General [1], Respondents.**

**No. 06–4506–ag.**

United States Court of Appeals, Second Circuit.

March 11, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Justin Conlon, Law Office of Michael Boyle, North Haven, CT., for Petitioner.

R. Alexander Goring, (Jefferey S. Bucholtz, Assistant Attorney General Civil Division, Michelle G. Latour, Assistant Director, on the brief), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

Present: Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. BRIAN M. COGAN, District Judge.[2]

### SUMMARY ORDER

Petitioner Muhammed Hanif Mirza appeals from the August 31, 2006, 2006 WL 3203661, decision of the Board of Immigration Appeals ("BIA") affirming the March 18, 2005 decision of Immigration Judge ("IJ") Michael W. Straus ordering Petitioner removed to Pakistan as an alien present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

The issue on appeal is the denial of Petitioner's request to continue his removal proceedings during the pendency of his application for a labor certification under 8 U.S.C. § 1255(i).[3] This Court has "jurisdiction to review an IJ's denial of a continuance, and . . . we conduct that review under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir.2006).

At the outset, the government raises the issues of waiver and exhaustion. Before the IJ, Petitioner requested a continuance to obtain a letter from the Islamic Association of Greater Hartford in support of his I–360 religious worker petition. Before the BIA, however, Petitioner argued that the IJ abused his discretion in denying his request for a continuance during the adjudication of his labor certification. The government submits, and Petitioner concedes, that Petitioner waived any challenge to the religious worker continuance issue by failing to raise it in his brief before this Court. On the other hand, the government also argues that, by not specifically raising the labor certification issue, Petitioner failed to exhaust all available administrative remedies relating to this ground for a continuance. However, the BIA simply denied Petitioner's request for a "continuance," without identifying the underlying basis for the continuance it was denying.

---

**2.** The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

**3.** A labor certification is only the first step for a non-immigrant alien to apply for an adjustment to permanent resident status under § 1255(i). He must also be "eligible to receive an immigrant visa and . . . admissible to the United States for permanent residence," and "an immigrant visa [must be] immediately available to the alien at the time the application is filed." 8 U.S.C. § 1255(i)(2).

Our decision need not turn on this issue since Petitioner's substantive argument is directly foreclosed by our recent decision in *Elbahja v. Keisler*, 505 F.3d 125 (2d Cir.2007), where we held that "it does not constitute an abuse of discretion for an IJ to decline to continue a removal proceeding in order to permit adjudication of a removable alien's pending labor certification." *Id.* at 129. Petitioner's valiant effort to distinguish *Elbahja* is unconvincing. The BIA noted that Petitioner was not "presently eligible for adjustment of status," reasoning accepted in *Elbahja*. *See id.* ("[Elbahja's] eligibility for adjustment of status was ... speculative at best.").

Accordingly, for the reasons set forth above, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.