**Clarence McEWEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,\* Respondent.**

No. 07–0872–ag.

United States Court of Appeals, Second Circuit.

April 15, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Mukasey is automatically substituted for for-

Nita Dobroshi, Law Offices of Spar & Bernstein, P.C., New York, NY, for Petitioner.

Walter Manning Evans, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, on the brief; Stephen J. Flynn, Senior Litigation Counsel, of Counsel) Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, P. KEVIN CASTEL, District Judge.**

### SUMMARY ORDER

Petitioner Clarence McEwen, a native and citizen of Grenada, seeks review of an order of the BIA that affirmed, in a separate opinion, a decision of an immigration judge ("IJ") denying his applications for adjustment of status and cancellation of removal. *In re Clarence McEwen*, No. A 76 552 475 (BIA Feb. 6, 2007), affirming No. A 76 552 475 (Immig.Ct.N.Y.City, Sept. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

On appeal, McEwen contends that the agency improperly denied him a continuance to pursue his pending application for adjustment of status. An IJ has discretion to grant a continuance "for good cause shown." 8 C.F.R. § 1003.29. Accordingly, we review the decision to deny a contin-

uance " 'under a highly deferential standard of abuse of discretion.' " *Elbahja v. Keisler*, 505 F.3d 125, 128 (2d Cir.2007) (quoting *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir.2006)). Under this standard, we will uphold an IJ's denial of a continuance unless "(1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* (quoting *Morgan*, 445 F.3d at 551–52 (brackets and internal quotation marks omitted)).

McEwen claims that the agency based its denial of a continuance on the existence of federal regulations granting the U.S. Citizenship and Immigration Service ("UCIS") exclusive authority to adjudicate application for adjustment of status made by "arriving aliens who have been paroled and placed in removal proceedings," Eligibility of Arriving Aliens in Removal Proceedings To Apply for Adjustment of Status and Jurisdiction To Adjudicate Applications for Adjustment of Status, 71 Fed Reg. 27,585 at 27,587 (May 12, 2006) (codified in scattered sections of 8 C.F.R.). Review of the record, however, belies this claim. McEwen, who was represented by counsel, did not request a continuance at his August 30, 2005 merits hearing before the IJ. The IJ denied McEwen's applications for relief on grounds other than jurisdiction.[1] Finally, the BIA, while noting the existence and

---

mer Attorney General Alberto R. Gonzales as a respondent in this case.

** The Honorable P. Kevin Castel, United States District Court for the Southern District of New York, sitting by designation.

1. As the record reveals, the IJ denied McEwen's application for adjustment of status on the basis that, because McEwen lacked an

approved visa petition, he was not eligible for adjustment of status relief. The IJ denied McEwen's application for cancellation of removal based on the determination that McEwen had failed to establish that his removal "would create an *exceptional and extremely unusual hardship* to his U.S. citizen son or his U.S. citizen wife." Appendix 32.

effect of the regulation in question, rejected McEwen's appeal after determining that, "[b]ased upon [the BIA's] review of the record," McEwen had failed to establish "'good cause' for a further continuance" of his removal proceedings. *In re Clarence McEwen* (BIA Feb. 6, 2007); *cf. Gao Ni v. Board of Immigration Appeals,* 520 F.3d 125, 130 (2d Cir.2008) (holding that the BIA should have considered whether the facts of the petitioners' cases "warranted a favorable exercise of its discretion" before denying their motions to reopen their removal proceedings based on the regulation at issue here).

Review of the record reveals no error by the agency—let alone any abuse of discretion. Accordingly, because we have considered all of McEwen's arguments and found them to be without merit, McEwen's petition for review is DENIED. As we have completed our review, Singh's pending motion for a stay of removal is DISMISSED as moot