07-5282-ag
Ho v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand ten.

PRESENT: PIERRE N. LEVAL,
ROBERT D. SACK,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

THAI QUANG HO,

          *Petitioner,*

    -v.-                  07-5282-ag

ERIC H. HOLDER, JR., Attorney General,*

          *Respondent.*

_____

FOR PETITIONER: GLENN L. FORMICA, New Haven, Connecticut.

FOR RESPONDENT: JOHN J. W. INKELES, Trial Attorney
(Gregory G. Katsas, Acting Assistant
Attorney General and Francis W. Fraser,
Senior Litigation Counsel, *on the brief*),

---

    \* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for the former Attorney General Michael B. Mukasey as the respondent in this matter. The Clerk of the Court is respectfully requested to amend the official caption accordingly.

*for* United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review of the decision of the Board of Immigration Appeals is **DENIED.**

Petitioner, Thai Quang Ho, a native and citizen of Vietnam, seeks review of the November 2, 2007 decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed the June 20, 2006 decision of an immigration judge ("IJ"), denying petitioner's request for a continuance for the purpose of allowing an I-130 petition filed on his behalf to be adjudicated and ordering him removed to Vietnam. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review by this Court.

We have jurisdiction to review the denial of a continuance by an IJ, and we review such a decision "for abuse of discretion." *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (per curiam). Our review is "highly deferential," *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006), and there is a "heavy burden on the petitioner to establish abuse of discretion," *Thapa v. Gonzales*, 460 F.3d

2

323, 335 (2d Cir. 2006). Denial of a continuance constitutes an abuse of discretion if the IJ's decision "rests on an error of law . . . or a clearly erroneous factual finding or" the IJ's "decision — though not necessarily the product of a legal error or a clearly erroneous factual finding — cannot be located within the range of permissible decisions." *Morgan*, 445 F.3d at 551-52 (internal quotation marks omitted). When, as in this case, the BIA agrees with the conclusion of the IJ and its decision tracks the reasoning of the IJ, we review both decisions for purposes of completeness. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Here, we cannot say that the denial of a continuance constitutes an abuse of discretion.

The IJ denied Ho's request for a continuance on the ground that he would not be eligible to adjust status, even if the I-130 visa petition filed on his behalf were approved, because a visa was not immediately available to him (by reason of quota numbers for visas for spouses of lawful permanent residents). *See* 8 U.S.C. § 1255(a). Ho does not allege that his wife was a citizen, or even that she had filed a valid application for naturalization; nor

3

does he allege that a visa would have been immediately available to him for some other reason.  Accordingly, the IJ acted well within his broad discretion in denying Ho's request for a continuance, as his "eligibility for adjustment of status was . . . speculative at best." *Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (per curiam).  Contrary to the argument raised by petitioner, the policy animating the Amerasian Immigration Act, 8 U.S.C. § 1154(f), is not implicated in this case.

The Due Process Clause requires that an alien in a removal proceeding "receive a full and fair hearing which provides a meaningful opportunity to be heard."  *Capric v. Ashcroft*, 355 F.3d 1075, 1087 (7th Cir. 2004); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006).  Here, however, "[p]etitioner points to nothing in the record suggesting that []he was denied a full and fair opportunity to present h[is] claims; nor has []he established that the IJ or the BIA otherwise deprived h[im] of fundamental fairness."  *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir. 2006).  Even assuming petitioner has a constitutionally protected liberty interest, his claim that he was denied a "full and fair"

4

hearing is without merit.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 157 (2d Cir. 2008); *see also Morgan*, 445 F.3d at 552.

As we have completed our review, the stay of removal previously granted by this Court is **VACATED**.  For the foregoing reasons, the petition for review is **DENIED**.

```
                                  FOR THE COURT:
                                  Catherine O'Hagan Wolfe, Clerk
```