14-4701
*Johnson v. Lynch*

BIA
Straus, IJ
A096 646 248

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            GERARD E. LYNCH,
                    *Circuit Judges.*

---

JULIET DAWSON JOHNSON,

       *Petitioner,*

       v.                                    14-4701

LORETTA E. LYNCH, UNITED STATES ATTORNEY
GENERAL,

       *Respondent.*

---

FOR PETITIONER:          Robert C. Ross, West Haven, CT.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Jennifer P.
                         Williams, Senior Litigation Counsel;
                         Alexander J. Lutz, Trial Attorney, Office of
                         Immigration Litigation, United States
                         Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Juliet Dawson Johnson, a native and citizen of Jamaica, seeks review of a November 24, 2014 decision of the BIA affirming the July 16, 2013 decision of an Immigration Judge ("IJ") denying her motion for a continuance and ordering her removal. *In re Juliet Dawson Johnson*, No. A096 646 248 (B.I.A. Nov. 24, 2014), *aff'g* No. A096 646 248 (Immig. Hartford July 16, 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we decline the Government's invitation to dismiss Johnson's petition as moot. It is true that Johnson initially sought a continuance to file an I-360 visa petition as a battered spouse, and that this petition has since been denied, but Johnson also has a distinct I-360 petition as a widow pending.

Turning to the merits, under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The IJ's denial of a request for a continuance is reviewed "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and "abuse[s] his discretion in denying a continuance if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551–52 (alterations and internal quotation marks omitted).

Here, the IJ did not abuse his discretion in denying Johnson a continuance to file an I-360 petition. The IJ reasonably considered the factors set forth in *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009). *See Flores v. Holder*, 779 F.3d 159, 164 (2d Cir. 2015). Further, because Johnson had not yet filed her I-360 petition or presented evidence to demonstrate that such a petition would be prima facie approvable, her eligibility for the underlying relief sought was merely speculative. *See Morgan*, 445 F.3d at 551–52; *see also Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (holding that the agency did not abuse its discretion in declining to grant a continuance where the petitioner "was only at the first step in a long and discretionary process" and relief was "speculative at best" (alterations and internal quotation marks omitted)).

We have considered all of petitioner's arguments, and found them to be without merit. For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, the pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk