Carrillo-Palencia v. Lynch

BIA
Straus, IJ
A205 497 407

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand sixteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>ROBERT D. SACK,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

———————————————————————

JORGE ALBERTO CARRILLO-
PALENCIA,

>*Petitioner*,

>v.                                                                14-4760

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,

>*Respondent.*

———————————————————————

| | |
|---|---|
| FOR PETITIONER: | Jorge Alberto Carrillo-Palencia, *pro se*, Stamford, CT. |
| FOR RESPONDENT: | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Jorge Alberto Carrillo-Palencia, a native and citizen of Guatemala, seeks review of a November 28, 2014 decision of the BIA affirming the March 13, 2014 decision of an Immigration Judge ("IJ") denying his motion for a continuance and ordering him removed. *In re Jorge Alberto Carrillo-Palencia,* No. A205 497 407 (B.I.A. Nov. 28, 2014), *aff'g* No. A205 497 407 (Immig. Ct. Hartford Mar. 13, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and abuses his or her discretion only if his or her "decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or . . . cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551–52 (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

The agency did not abuse its discretion in denying Carrillo-Palencia's request for a fifth continuance of his removal proceedings. Even assuming that Carrillo-Palencia's conviction was not final for immigration purposes, a favorable outcome on his criminal appeal would not have changed the outcome of his removal proceedings. His removability was based on his unlawful presence (not his conviction), and he abandoned his only requested relief from removal by failing to timely file his application. *See* 8 C.F.R. § 1003.31(c). Under these circumstances, the agency did not abuse its discretion in denying a continuance. *See Elbahja v. Keisler*, 505 F.3d 125, 129 (2d

2

Cir. 2007) (concluding that an IJ did not abuse his or her discretion by denying a continuance sought to pursue relief that was "speculative at best"); *see also Morgan*, 445 F.3d at 551–52.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk