Roberts v. Sessions

BIA
Straus, IJ
A038 996 686

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

PAUL SYLVESTER ROBERTS,
> *Petitioner,*

> v.                                    15-3960
>                                        NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Cory Forman, Cohen Forman Barone, LLP, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Mary Jane Candaux, Assistant Director; Kurt B. Larson, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Paul Sylvester Roberts, a native and citizen of Jamaica, seeks review of a November 10, 2015, decision of the BIA denying his motion to remand and affirming an October 29, 2013, decision of an immigration judge ("IJ") denying his motion for a continuance to pursue post-conviction relief in state court. *In re Paul Sylvester Roberts,* No. A038 996 686 (B.I.A. Nov. 10, 2015), aff'g A038 996 686 (Immig. Ct. N.Y. City Oct. 29, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

We review the agency's denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and only "abuse[s] his discretion in denying a

continuance if (1) [his] decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding or (2) [his] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551-52 (internal quotation marks omitted). We generally lack jurisdiction to review a final order of removal against an alien, such as Roberts, who is removable for having been convicted of a controlled substance offense; however, we have jurisdiction to consider constitutional claims and questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (D), 1227(a)(2)(B).

Roberts has failed to demonstrate legal or constitutional error in the agency's continuance denial. The agency properly denied Roberts's motion because he had "ample time" to collaterally attack his 2009 conviction, any possible vacatur of the conviction was speculative, and his conviction remained final for immigration purposes. *See Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (holding that agency did not abuse its discretion in declining to grant a continuance sought to pursue relief that is "speculative at best" (internal quotation

3

marks omitted)); *In re Ponce de Leon*, 21 I. & N. Dec. 154, 157 (B.I.A. 1996) (noting that pendency of a post-conviction motion or other collateral attack on a criminal conviction does not negate the finality of that conviction for immigration purposes). Therefore, the agency's continuance denial was not a product of legal or constitutional error and falls "within the range of permissible decisions." *See Morgan*, 445 F.3d at 551-52; *Elbahja*, 505 F.3d at 129; *In re Ponce de Leon*, 21 I. & N. Dec. at 157.

Roberts argues that the BIA erred by misconstruing his state court motion as based on a claim of ineffective assistance under *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010), rather than on an ineffective assistance claim based on affirmative misadvice. *See, e.g.*, *Kovacs v. United States*, 744 F.3d 44, 53-54 (2d Cir. 2014) (distinguishing *Padilla* claim from ineffective assistance claim based on affirmative misadvice about immigration consequences). His argument is misplaced for two reasons: first, Roberts very clearly and repeatedly characterized his state court motion for post-conviction relief as a "*Padilla* motion" in his brief to the BIA and did not attach a copy of the motion; and, second, Roberts did not identify any

4

other basis for his motion before the IJ and had not even filed his state court motion until appealing from the IJ's decision. The BIA ultimately affirmed the IJ's continuance denial because any prospective post-conviction relief was speculative and Roberts's conviction remained final for immigration purposes. Therefore, even if we were to conclude that the BIA erred in construing Roberts's state court motion as based on a *Padilla* claim, remand on this basis would be futile. *See Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 106-07 (2d Cir. 2006).

Lastly, the Government is correct that Roberts does not specifically challenge the BIA's denial of his motion to remand. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Even if Roberts had not waived review, the BIA did not err in construing Roberts's submission of new evidence on appeal as a motion to remand. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). Nor did the BIA commit constitutional or legal error by denying the motion because the evidence of Roberts's pending collateral attack did not change the validity of his conviction for immigration purposes. *See*

*id.; In re Ponce de Leon*, 21 I. & N. Dec. at 157.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6