Brown v. Sessions

BIA
Kolbe, IJ
A035 670 443

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand eighteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> WILLIAM F. KUNTZ*,
> > *Judge.*

_____

GLENROY NEIL BROWN, AKA GLEN
BROWN, AKA GLENROY N. BROWN,
> *Petitioner*,

> v.                                            17-2468

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Z. Goldman, New York, NY.

FOR RESPONDENT:          Jaclyn E. Shea, Trial Attorney, Chad
                         A. Readler, Acting Assistant
                         Attorney General, Civil Division,
                         Derek C. Julius, Assistant Director,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

_____

* Judge William F. Kuntz of the United States District Court for the Eastern District of New York, sitting by designation.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Glenroy Neil Brown, a native and citizen of Jamaica, seeks review of a July 13, 2017 decision of the BIA dismissing his appeal of an October 6, 2016 decision of an Immigration Judge ("IJ") ordering his removal and finding him ineligible for cancellation of removal. *In re Glenroy Neil Brown*, No. A 035 670 443 (B.I.A. July 13, 2017), *aff'g* No. A 035 670 443 (Immig. Ct. N.Y. City Oct. 6, 2016). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Our jurisdiction to review Brown's removal order is limited to constitutional claims or questions of law, which we review *de novo*. *See* 8 U.S.C. § 1252(a)(2)(C),(D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Brown challenges the IJ's acceptance of amended charges filed by the Department of Homeland Security ("DHS") and the IJ's denial of a continuance to attack collaterally the convictions underlying the removal order in state court.

Brown makes two legal arguments regarding the IJ's acceptance of DHS's Form I-261, which amended the charges in the original

2

Notice to Appear. First, he contends that the IJ was precluded from admitting the document because "[i]f an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document *shall* be deemed waived." 8 C.F.R. § 1003.31(c) (emphasis added). Rather than impose obligations on the IJ, however, 8 C.F.R. § 1003.31(c) confers upon the IJ "broad discretion to set and extend filing deadlines" and enables the IJ to compel the parties to timely submit documents. *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

Moreover, the regulations permit DHS to file additional or replacement charges of removability "[a]t any time" during ongoing removal proceedings and provide the applicant time to respond to those charges. *See* 8 C.F.R. § 1003.30 (providing that DHS may file additional or substitute charges of removability "[a]t any time during deportation or removal proceedings" and that an "alien may be given a reasonable continuance to respond to the additional factual allegations and charges"). These conditions were met here: DHS filed amended charges two days after the hearing at which the IJ took pleadings on the original charges, and Brown was not prejudiced because he had time to reply to the additional charges in his brief addressing removability. Indeed, Brown does not articulate any way in which the amended version of the charges

3

expanded or substantively altered the nature of the charges against him, or in which his defense of the amended charges was even altered, by the filing of the amended Form I-261.  The IJ did not commit a legal error resulting in an abuse of discretion.  *See Dedji*, 525 F.3d at 191-92.

Second, Brown contends that the doctrine of law of the case bound the agency to the IJ's statement that DHS had waived its opportunity to amend.  The law-of-the-case doctrine, however, does not constrain the ability of DHS to lodge additional or amended charges during the pendency of removal proceedings. As applicable to Brown's argument, the doctrine "holds that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise."  *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal citations and quotation marks omitted).  We have recognized that the law of the case doctrine "is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013) (quotation marks omitted).

Brown's argument is unavailing because the IJ's decision to accept the Form I-261 was based on "cogent and compelling reasons." *Quintieri*, 306 F.3d at 1225. Given the lack of prejudice to Brown

4

and the societal interest in accurately assessing removability, there was sufficient reason for the IJ to accept the Form I-261 despite DHS's tardiness.  The law of the case doctrine did not eliminate the IJ's "power to reconsider its own decisions." *Maraschiello*, 709 F.3d at 97.

Brown also challenges the IJ's denial of a continuance.  We review an IJ's denial of a continuance for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (*per curiam*).  "An abuse of discretion may be found . . . where the [agency's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted); *see also Morgan v. Gonzales*, 445 F.3d 549, 551-52 (2d Cir. 2006).

An IJ may grant a continuance for "good cause shown."  8 C.F.R. § 1003.29.  "IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions any more than when we review such decisions by district judges." *Morgan*, 445 F.3d at 551.

Brown's challenge to the denial of a continuance fails because there is no legal or constitutional error in the IJ's ruling.  The

5

IJ granted two continuances for Brown to seek postconviction relief and directed him to provide evidence that he had filed motions in state court (and therefore had some possibility of success) if he wanted a further adjournment. Because Brown did not file any collateral attack in state court, the IJ did not err in declining to continue proceedings further. *See Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (concluding that denial of continuance is not abuse of discretion where relief sought is speculative); *Morgan*, 445 F.3d at 553 ("[W]e will not, nor should an IJ be required to, indulge [petitioner's] attempts to introduce needless delay into what are meant to be 'streamlined' proceedings."). Finally, Brown's argument that the IJ ignored his positive equities in denying a continuance is without merit because the relevant inquiry is whether Brown established good cause for a continuance. 8 C.F.R. § 1003.29.

For the foregoing reasons, the petition for review is **DENIED.**

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6