Amides-Galdamez v. Barr

BIA
Poczter, IJ
A205 734 146

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

JOSE AMIDES-GALDAMEZ,
> *Petitioner,*

v.                                              19-1290
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Abdolreza Mazaheri, Esq., Sethi &
                         Mazaheri, LLC, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Jessica E. Burns, Senior

Litigation Counsel; Edward C. Durant, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Amides-Galdamez, a native and citizen of El Salvador, seeks review of an April 1, 2019 decision of the BIA affirming an October 12, 2018 decision of an Immigration Judge ("IJ") ordering removal and denying asylum, withholding of removal, and relief under the Convention Against Torture. *In re Jose Amides-Galdamez,* No. A 205 734 146 (B.I.A. Apr. 1, 2019), *aff'g* No. A 205 734 146 (Immig. Ct. N.Y. City Oct. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Amides-Galdamez does not challenge his removability or the denial of asylum and related relief. He asserts only that the agency erred in declining to continue his removal proceedings pending a final

2

decision in his bond proceedings or pending resolution of his application for Special Immigrant Juvenile Status ("SIJS"). We review the denial of a continuance for abuse of discretion. *Flores v. Holder*, 779 F.3d 159, 164 (2d Cir. 2015). The agency abuses its discretion in denying a continuance only "if (1) [the] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [the] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Morgan v. Gonzales*, 445 F.3d 549, 551-52 (2d Cir. 2006) (internal quotation marks omitted). The agency did not abuse its discretion in denying a continuance based on Amides-Galdamez's pending bond proceedings or SIJS application.

In deciding whether to grant a continuance, the agency "should assess whether good cause supports such a continuance by applying a multifactor analysis, which requires that the . . . principal focus be on the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I. & N.

3

Dec. 405, 406 (A.G. 2018). The burden of establishing good cause is on the party requesting the continuance. *Id.* at 413.

The agency did not abuse its discretion in denying a continuance based on Amides-Galdamez's pending bond appeal. The IJ and BIA correctly observed that bond proceedings are "separate and apart from" removal proceedings. 8 C.F.R. § 1003.19(d). Furthermore, as the agency reasoned, the outcome of the bond proceedings was too speculative to support a continuance for two reasons: first, the IJ had yet to determine whether Amides-Galdamez posed a flight risk; and, second, there was no guarantee that his SIJS application would be adjudicated prior to his merits hearing even if his case was transferred to the non-detained docket. Finally, Amides-Galdamez's pending bond proceedings did not relate to the merits of his applications for relief from removal, but rather to the timing of his hearing. *See Matter of L-A-B-R-*, 27 I. & N. Dec. at 406.

The agency also did not abuse its discretion in denying a continuance based on the pending SIJS application. First, contrary to Amides-Galdamez's claims, he did not file a

4

written motion for a continuance before the IJ or orally request a continuance based on his pending SIJS application at his final hearing. Accordingly, there was no request for the IJ to rule on. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) (holding that an applicant waives an issue that he does not raise before the IJ); *Matter of L-A-B-R-*, 27 I. & N. Dec. at 413 (burden to establish good cause is on the party requesting the continuance).

Second, the BIA analyzed the merits of a continuance pending resolution of the SIJS application. Amides-Galdamez has not shown that the BIA abused its discretion in denying a continuance. While he contends that the agency neglected to analyze the *L-A-B-R-* factors and improperly based its decision solely on the remoteness of his visa priority date, "good cause does not exist if the alien's visa priority date is too remote to raise the prospect of adjustment of status above the speculative level." *Matter of L-A-B-R-*, 27 I. & N. Dec. at 418; *cf. Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) ("[I]t does not constitute an abuse of discretion for an IJ to decline to continue a removal proceeding in order to permit adjudication of a removable alien's pending labor

5

certification."). The BIA thus reasonably concluded that even assuming that Amides-Galdamez was eligible for SIJS, the likelihood of that relief remained speculative given the "lengthy wait [time] for an available visa." As such, the agency did not abuse its discretion in determining that his pending SIJS application did not constitute good cause for a continuance.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court