Olivares De Lizama v. Garland

BIA
Straus, IJ
A209 418 019/020

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> JOHN M. WALKER, JR.,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

SARA NOEMI OLIVARES DE LIZAMA,
IKER EMANUEL LIZAMA-OLIVARES,
> *Petitioners,*

v.                                                          20-2118
                                                           NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Manuel D. Gomez, Manuel D. Gomez & Associates, New York, NY.

**FOR RESPONDENT:**       Brian Boynton, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sarai M. Aldana, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioners Sara Noemi Olivares De Lizama and Iker Emanuel Lizama-Olivares, natives and citizens of El Salvador, seek review of a June 5, 2020, BIA decision affirming an April 26, 2018, decision of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sara Noemi Olivares De Lizama, Iker Emanuel Lizama-Olivares*, Nos. A209-418-019/020 (B.I.A. June 5, 2020), *aff'g* Nos. A209-418-019/020 (Immig. Ct. Hartford Apr. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the IJ's findings regarding whether Olivares De Lizama's proposed social groups were cognizable. *See Ming*

*Xia Chen v. Bd. of Immigr. Appeals*, 435 F.3d 141, 144 (2d Cir. 2006). The agency did not err in finding that Olivares De Lizama failed to establish her eligibility for relief based on gang extortion and threats or in denying her request for a continuance to submit corroborating affidavits.

I.  Asylum and Withholding of Removal

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law *de novo*). To establish eligibility for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear or likelihood of persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b).

The agency reasonably found that Olivares De Lizama failed to establish that she suffered past persecution because she personally experienced only one unfulfilled

3

threat in El Salvador. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)); *Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (recognizing that unfulfilled threats do not constitute past persecution). Because the record does not support the conclusion that Olivares De Lizama endured past persecution, she was not entitled to a presumption of a well-founded fear or likelihood of persecution and thus had the burden to establish that she had such a fear on account of a protected ground. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b).

Olivares De Lizama did not carry that burden. She proposed social groups consisting of single women and of her family. "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable, and that the alleged persecutors targeted the applicant on account of her membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (internal quotation marks and citations omitted). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected

4

ground]." *Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). The agency reasonably concluded that, even assuming Olivares De Lizama's social groups were cognizable, she failed to establish a nexus between the harm she fears and her membership in those groups because her testimony demonstrated that the gang initiated each interaction with her and her family for financial gain or punishment for their lack of obeisance. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group[.]'"); *Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) (explaining that "random violence" and "general crime conditions" are not grounds for asylum). Further, contrary to Olivares De Lizama's contention, the BIA did not err in citing *Matter of A–B–*, 27 I. & N. Dec. 316 (A.G. 2018), *vacated, Matter of A–B–*, 28 I. & N. Dec. 307 (A.G. 2021), because it did so solely for the long-settled principle that it was not required to decide an issue that was "unnecessary to the results [it] reach[ed]." *I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976).

5

## II. CAT Relief

Unlike asylum and withholding of removal, protection under the CAT does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a). CAT applicants have the burden to show they would "more likely than not" be tortured by or with the acquiescence of government officials. *Id.* §§ 1208.16(c), 1208.18(a); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 168, 170–71 (2d Cir. 2004). The agency reasonably concluded that Olivares De Lizama did not establish a likelihood of torture with government acquiescence because her similarly situated family members remain unharmed in El Salvador, and the government successfully prosecuted and imprisoned a gang member who had extorted her family. *See Khouzam*, 361 F.3d at 171 (holding that for the purpose of "state action [under CAT], torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it"); *cf. Melgar de Torres*, 191 F.3d at 313 (finding fear of future persecution weakened when similarly situated family members remain unharmed in

6

petitioner's native country).

III. Continuance

We review the agency's denial of a continuance for abuse of discretion. *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and only "abuse[s] his discretion in denying a continuance if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551-52 (internal quotation marks, alterations, and citation omitted). The IJ did not abuse his discretion in denying a continuance because Olivares De Lizama had more than five months to obtain affidavits from El Salvador and because she could not show that corroborating affidavits would change the outcome given that the IJ fully credited her testimony without corroboration. *See id.; cf. Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (concluding that an IJ does not abuse his discretion by denying a continuance

sought to pursue relief that is speculative).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court