Sotamba v. Barr

BIA
Straus, IJ
A208 484 626

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

WILSON F. SOTAMBA, AKA OSCAR CRIOLLO-VAZQUES,
> *Petitioner,*

> v.                                                    17-4158

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Kevin R. Murphy, Law Office of Kevin R. Murphy, Springfield, MA. |
| **FOR RESPONDENT:** | Andrea N. Gevas, Trial Attorney (Joseph H. Hunt, Assistant Attorney General, John S. Hogan, Assistant Director, *on the brief*), Office of Immigration Litigation, United States |

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wilson F. Sotamba, a native and citizen of Ecuador, seeks review of a December 6, 2017 decision of the BIA dismissing his appeal of a February 28, 2017 decision of an Immigration Judge ("IJ") ordering his removal and denying his request for a continuance. *In re Wilson F. Sotamba,* No. A 208 484 626 (BIA Dec. 6, 2017), *aff'g* No. A 208 484 626 (Immig. Ct. Hartford Feb. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a continuance for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and is "accorded wide latitude in calendar management," *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). The denial of a continuance is an abuse of discretion, however, if the IJ's "decision rests on an error of law (such as

2

application of the wrong legal principle) or a clearly erroneous factual finding[,] or . . . cannot be located within the range of permissible decisions." *Id.* at 551-52 (internal quotation marks omitted). To successfully challenge the denial of a continuance to apply for relief, an "alien [must] establish[] that that denial caused him actual prejudice and harm and materially affected the outcome of his case." *Matter of Sibrun*, 18 I. & N. Dec. 354, 356-57 (BIA 1983).

The IJ did not abuse his discretion in denying a continuance here. Sotamba sought a continuance in order to apply for an employment-based immigrant visa, but at the time the challenged denial took place he had not yet satisfied an initial step in the process by applying for labor certification with the Department of Labor ("DOL"). We have held "that it does not constitute an abuse of discretion for an IJ to decline to continue a removal proceeding in order to permit adjudication of a removable alien's pending labor certification" in part because that is the "first step in [a] long and discretionary process." *Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (internal quotation marks omitted). As Sotamba was at an even earlier stage of the process, we find no abuse of discretion in the IJ's decision to deny the request for a continuance. *See id.*

Moreover, as the agency concluded, any relief was wholly speculative. First, DOL needed to approve the labor certification. 8 U.S.C. §§ 1182(a)(5)(A)(i), 1153(b)(3)(C). Second, Sotamba's employer would then need to file an immigrant petition for alien worker with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* § 1154(a)(1)(F); *Matter of Rajah*, 25 I. & N. Dec. 127, 131 (BIA 2009). Third, Sotamba's proceedings would need to be administratively closed for him to seek a provisional unlawful presence waiver. *See* 8 C.F.R. § 212.7(e)(4)(iii) (noting that an alien is ineligible for a waiver unless removal proceedings are administratively closed).[1] Fourth, USCIS would have to grant a provisional waiver. *Id.* § 212.7(e)(1) ("USCIS has exclusive jurisdiction to grant a provisional unlawful presence

---

[1] BIA precedent allowed for administrative closure "to temporarily remove a case from an [IJ's] active calendar . . . to await an action or event that is relevant to immigration proceedings but is outside the control of the parties or the court and may not occur for a significant or undetermined period of time." *Matter of Avetisyan*, 25 I. & N. Dec. 688, 692 (BIA 2012). However, that precedent was overruled by an opinion of the United States Attorney General following the IJ and BIA's decisions in Sotamba's case. *See Matter of Castro-Tum*, 27 I. & N. Dec. 271, 275 (AG 2018) (noting that no regulations issued regarding administrative closure "delegated general authority to authorize administrative closure" by IJs or the BIA). Nevertheless, as noted below, Sotamba's likely inability to qualify for a provisional waiver, even if his case was administratively closed, obviates any need for us to consider this change in the law as it might apply to Sotamba's case.

4

waiver . . . .").

Even assuming a favorable exercise of discretion at steps one through three, Sotamba was ineligible at step four because he did not have a qualifying relative. *See Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009) ("[T]he focus of the inquiry [of whether to continue proceedings] is the apparent ultimate likelihood of success on the . . . application."). A provisional waiver requires a showing of hardship to a qualifying relative, which is limited to a U.S. citizen or lawful permanent resident spouse or parent. *See* 8 U.S.C. § 1182(a)(9)(B)(v). Sotamba's wife was not a U.S. citizen or lawful permanent resident. And as the BIA noted, her own lack of a qualifying relative to obtain a waiver made it unlikely that her status would have changed any time soon.[2]

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Although Sotamba repeatedly refers in his brief to the fact that his wife "will successfully complete her own consulate process abroad after continuing with the . . . provisional waiver process," Pet. Br. 10, he never refutes the BIA's contention that his wife also lacks a qualifying relative, as would be needed for her to obtain such a waiver.